Caswell *vs.* Bunch *et al.*

CASWELL *vs.* BUNCH *et al.*

Under the constitution of this State, equity cases must be tried in the county where some defendant resides against whom substantial relief is prayed. Where a bill was filed to set aside certain sheriff's deeds, not in the county of the residence of the grantee therein, but in the county of the residence of the sheriff, it was demurrable for want of jurisdiction.

(*a.*) The ruling that where a party institutes a proceeding, in a county other than that of his residence, against a person residing in such county, the superior court thereof has jurisdiction in equity against the plaintiff in the pending proceeding, rests on the idea that the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted,—such proceedings in equity being ancillary to or defensive of the pending suit.

November 23, 1886.

Venue. Jurisdiction. Equity. Before Judge RONEY. Columbia Superior Court. March Term, 1886.

Reported in the decision.

FRANK H. MILLER, for plaintiff in error.

SALEM DUTCHER; J. S. HOOK, for defendants.

BLANDFORD, Justice.

Mary A. Bunch and others, her children, filed a bill in Columbia county against Theodore D. Caswell, to set aside certain sheriff's deeds made by the sheriff of Columbia county to him, he being a resident of Richmond county.

Caswell *vs.* Bunch *et al.*

The relief prayed is against Caswell. A demurrer was filed to the bill, among other grounds, upon the ground that there was no jurisdiction upon the part of the superior court of Columbia county to hear and determine the matters set forth in the bill, as Caswell was a resident of Richmond county. The court overruled the demurrer, and Caswell excepted, and here says that the court erred in not sustaining the demurrer and dismissing the bill.

The constitution of this State vests in the superior courts exclusive jurisdiction in all equity cases, and declares that equity cases must be tried in the county where some defendant resides against whom substantial relief is prayed. Code, §5169. See *Smith vs. Bryan*, 34 *Ga.* 53.

It has been held that where a party institutes proceedings in a county other than the county of his residence, against one resident therein, the superior court of the county wherein the proceedings are pending has jurisdiction in equity against the plaintiff in the pending proceedings, although it is not the superior court of the county of his residence. This proceeds upon the idea that the party, by voluntarily instituting the suit, gives the court of the county where the suit is instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted. Such equity proceedings are ancillary to or defensive of the pending proceedings. 64 *Ga.* 783; 66 *Id.* 428; 65 *Id.* 395; 70 *Id.* 329.

The bill in the present case is not ancillary to or defensive of any action or suit at law or in equity which has been instituted by Caswell against the complainants in the bill, but it is an original bill seeking relief against Caswell. So we think the demurrer to the bill for want of jurisdiction should have been sustained. We pass on nothing more.

Judgment reversed.