## MOORE, MARSH & COMPANY *v.* MEDLOCK.

A plaintiff who institutes a suit in a county other than the one in which he resides, for all the purposes of the defense of that suit, submits himself to the jurisdiction of the courts of the county in which the suit is pending; and if such suit is pending in a court of limited jurisdiction, which for want of power can not afford full relief, the defendant, by proper proceeding in the superior court of the county where the suit was instituted, may set up and have adjudicated as to the non-resident plaintiff all matters necessary for his complete defense.

   Submitted April 15, — Decided May 7, 1897.

Equitable petition. Before Judge Hutchins. Gwinnett county. July 25, 1896.

Medlock filed in the superior court of Gwinnett county his petition against Moore, Marsh & Company, to enjoin the further prosecution by them of an action against him then pending in the city court of that county. The defendants demurred to the petition, on the ground that it appeared therefrom that the superior court of Gwinnett county had no jurisdiction to try the case, the petition showing upon its face that the defendants were residents of Fulton county and not of Gwinnett county. The court overruled the demurrer, and the defendants excepted.

The petition alleged: At the February term, 1896, of the city court of Gwinnett county, defendants filed a suit against petitioner upon three promissory notes, one for $522.10 due December 1, 1892, one for $522.25 due January 1, 1893, and one for $522.35 due March 1, 1893; each bearing interest from maturity at the rate of eight per cent. per annum. On the note which fell due December 1, 1892, had been paid $300 January 27, 1893, and $203.63 December 24, 1894. At the appearance term of said court, on the second Monday in February, 1896, petitioner filed his plea to said suit, as required by law, and in said plea set forth all of his defenses thereto and certain equities which he claims; among others, that the note sued on, as well as certain deeds

there described, shall be given up and canceled. The petition then sets forth a copy of the plea referred to; in which it is alleged : On or about the —— day of April, 1893, in order to secure his indebtedness to the plaintiffs, [petitioner] turned over to them as collateral security a note made by W. I. Zachry and J. L. Richmond of the county of Fulton in this State, for $1,100, which note was payable to defendant and was at that time perfectly solvent. Said note was due four months after date, and was drawing interest at the rate of eight per cent. Zachry and Richmond were well known to plaintiffs, and it was agreed that the plaintiffs would proceed to collect said note as soon as due and apply the proceeds to the payment of the defendant's indebtedness to them. On the —— day of August, 1893, defendant called on the plaintiffs and notified them to proceed to make the money on said note so held by them as collateral security. At that time said note was perfectly solvent, and had the plaintiffs exercised ordinary diligence the full amount due thereon could have been collected ; but at said time defendant (?) stated that Zachry was perfectly solvent and that they had agreed to extend the time of payment; which defendant is informed they did, without his consent and to his injury and damage. Such extension of time made by plaintiffs was, in effect, a conversion of the same to their own use and operated to release him from further liability on his notes to the extent of the amount due on the note so transferred by defendant to them. On or about October 20, 1893, by an agreement entered into between plaintiffs and W. I. Zachry, the note which defendant had turned over to plaintiffs as collateral security was delivered up and canceled, and new notes were taken payable to defendant, one due November 15, 1893, for $580.85, and the other due December 10, 1893, for $580.96, which notes were accepted by plaintiffs as payment pro tanto of defendant's indebtedness to them, and defendant was entitled to a credit for said amount on the notes here sued on, and he pleads the same as payment, and that he subsequently paid off the balance due thereon, $143.80 on October 20, 1894, and $203.00 on November 21, 1894. After the maturity of the notes so taken by the plaintiffs as last above mentioned, to wit, on December 16,

1893, plaintiffs, without the consent of defendant, gave to said Zachry and Richmond a further extension of time in consideration that said Zachry would transfer to them 15 shares of the par value of $100 each of the stock of the Atlanta Land & Manufacturing Company, which stock is still held by said plaintiffs to secure the payment of said notes. Such extension of time for a valuable consideration was of great injury and damage to defendant (if he was still liable on said notes so held as collateral security, which he denies), and discharged him from liability thereon to the extent of the amount of said notes. Although the notes so taken by plaintiffs were payable in bank, and one or both of them were protested for non-payment, no notice of said refusal to pay or protest was served on him by plaintiffs, or other person, as required by law; by which negligence and failure to comply with the law he was and is damaged to the extent of the amount of said notes. Subsequently W. I. Zachry, who was then in failing circumstances, offered to give to plaintiffs, as additional security for the payment of his debt, a bond for titles to certain real estate in or near the city of Atlanta, of the value of $10,000 or other large sum, which said plaintiffs negligently failed to accept, and by such want of care and diligence the plaintiffs lost the collection of said notes. By reason of the failure of plaintiffs to sue said notes, as directed and requested by defendant, at the time of their maturity, and the extension of time without his consent, plaintiffs are liable to account to him for the full value thereof as a credit on his indebtedness to them. By changing the form of the indebtedness and taking new notes from said Zachry and Richmond, and extending the time of payment, they converted the same to their own use, and such conversion amounted in justice and law to a payment to the extent of the amount then due on said notes, and he is in equity and good conscience entitled to a full and complete discharge, he having paid the balance due thereon, as hereinbefore set forth. If the taking of said notes in lieu of the original notes did not operate as a payment pro tanto, the further extension of time by plaintiffs for a valuable consideration and the failure of plaintiffs " to notify defendant of the Zachry and Richmond notes for non-payment " discharged him

from further liability on his notes now sued on, to the amount then due on said notes of Zachry and Richmond. Plaintiffs, by negligence and want of proper care and diligence, and to the great damage and injury of defendant, continued to extend the time of payment, and did not institute suit on the Zachry and Richmond notes until they had failed and had become insolvent and a large number of other suits were instituted by other parties, and until said Zachry and Richmond had disposed of their property so that it could not be reached by the judgment in favor of plaintiffs. On September 30, 1892, defendant executed and delivered to plaintiffs a deed to certain land (described in the plea) to secure the indebtedness of defendant to plaintiffs at that time ; and defendant having fully paid off and discharged the indebtedness which said deed was given to secure, he prays a decree of the court that the plaintiffs deliver up said deed to be canceled as a cloud on his title, and that plaintiffs by decree be required to execute and deliver a deed to him reconveying said property to him ; also, that such other relief be granted him as may be equitable and just in the premises.

Petitioner makes said plea and answer a part of his petition for injunction and relief, and alleges further : Said city court, for want of jurisdiction in equity causes or where equitable relief is [sought], can not give full, adequate and complete relief to which petitioner is entitled ; and said court has no power to enforce the equities set up in said plea, and frame remedies sufficient to protect the interest of petitioner. The facts stated in said plea are true "and the titles to the property therein described and which were acquired by Moore, Marsh & Company, as set forth in said plea, are in equity and good conscience void and ought to be canceled because the debts they were given to secure have been paid off. " "Said deeds are, as they stand on record, a cloud on the title to [petitioner's] property, and they should be delivered up to be canceled." Petitioner prays : that plaintiffs in said suit, Moore, Marsh & Company, of the county of Fulton in said State, be enjoined from further prosecuting their said action in the city court of Gwinnett county, and that said court be enjoined from hearing " or delivering " said case ; that by decree of this court the notes sued on, as

7

above described, shall be declared fully paid off and discharged, and that the "deeds" to secure the payment of the notes given by petitioner to Moore, Marsh & Company, as described in said plea, be surrendered up to be canceled, and said Moore, Marsh & Company be required to execute all proper conveyance that may be necessary to fully vest the title of all said property in petitioner; that the city court of Gwinnett county be required to certify and send up to the superior court the declaration, plea, and all other papers relating to said case which may be of file or record in the city court; that such further relief be granted petitioner as may be meet and proper, etc. In the prayer for process the defendants are described as "of the county of Fulton in said State."

*C. H. Brand*, by *H. C. Peeples*, for plaintiffs in error.
*T. M. Peeples*, contra.

LITTLE, J. It will be seen from the facts given above, that the defendant in error had filed in the superior court of Gwinnett county an equitable petition praying, among other things, that a suit then pending in the city court of Gwinnett county, brought by the plaintiffs in error against him, should be enjoined, and that the matters involved by the petition and pleas in said case be transferred to the superior court and there fully adjudicated. To this petition the plaintiffs in error filed a demurrer, on the ground that the superior court of Gwinnett county had no jurisdiction to try the case, the petition showing upon its face that the plaintiffs in error were residents of Fulton county and not of Gwinnett county. The error assigned here is that the judge below erred in overruling this demurrer.

To determine properly the question involved, it is necessary to construe section 4950 of the Civil Code in the light of the constitutional provision found in section 5874 of the Civil Code. After providing in preceding sections for the venue of suits against joint obligors, makers and endorsers, proceedings for divorce, and cases involving titles to land, it is provided by the section just referred to that all other civil cases shall be tried in the county where the defendant resides. It is provided by section 4950, supra, that all petitions for equitable relief

shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed.    There is, however, an exception and also a proviso incorporated in the section referred to.    The exception is that in cases of injunctions to stay pending proceedings, the petition may be filed in the county where the case is pending, provided that there is no relief prayed as to matters not included in such litigation.    In other words, the provision of the statute is, that while petitions for equitable relief must generally be filed in the county of the residence of one of the defendants against whom relief is prayed, yet in cases of injunctions to stay pending proceedings, the petition may be filed in the county where the proceedings are pending, but no relief shall be granted in such equitable petition as to matters which are not included in the litigation sought to be stayed.    In the case at bar the plaintiffs in error had filed in the city court of Gwinnett county a common-law proceeding to recover a judgment on three promissory notes alleged to be due by the defendant to the plaintiff.    The defendant filed several pleas alleging, among other things, that he had delivered promissory notes on other persons to the plaintiffs as collateral to secure the payment of the notes sued on ; that the plaintiffs had neglected to collect such collateral notes, although they could have done so by due diligence ; that the plaintiffs had also given up to the makers such collateral notes and taken others in their stead and had extended the time of payment without his consent ; that at the time of making the notes sued on he had executed and delivered to the plaintiffs to secure the payment of such notes a deed conveying the title to a certain lot of land in Gwinnett county.    From this and other statements averred to be true in the pleas, he alleged in his equitable petition that the city court of Gwinnett county did not have jurisdiction to fully adjudicate the case on the equitable defenses set up by him and to afford him full and complete relief; and therefore prayed that the plaintiffs should be enjoined from proceeding further with their common-law suit in the city court, that the case should be adjudicated under his said petition in the superior court, that the notes should be decreed to have been paid, that they should be delivered up and

canceled, that the deed given to secure such notes should be declared void, and for general equitable relief growing out of said suit and the defenses thereto as set up in the defendant's pleas.

The question is, did the superior court of Gwinnett county have jurisdiction to fully determine the case under the allegations and prayer of the petition? It must be conceded that the city court of Gwinnett county, from its limited jurisdiction, could not fully adjudicate the case under the equities set up by the defendant. The section of the code cited authorizes proceedings for injunction to stay proceedings to be filed in the county where such proceedings are pending. We take it, this can mean nothing else but that the proceedings may be filed in such a court in the county as has jurisdiction to hear and grant applications for injunctions, which of course is the superior court. If a city court did not have the power and jurisdiction to grant relief under a proper equitable plea, an equitable proceeding in the superior court of the county where the action is pending will be entertained in order that the entire controversy may be finally there adjudicated. *National Bank of Athens* v. *Carlton*, 96 *Ga.* 469. It is not intended to be held that defenses of an equitable nature may not be made in city courts; but in every instance the evidence offered to sustain such defenses must be such as is admissible in a court of law and under legal rules. *English & Co.* v. *Thorn*, 96 *Ga.* 561. If we take all the allegations averred in the defendant's plea to be true, it is manifest that a proper adjudication of the case can not be had except by a court having full equity jurisdiction. It is true that some of the issues raised can be properly adjudicated in the city court; but under the defenses filed to a recovery of a judgment on the notes, an application of equitable rules and principles is involved, and under the statutory provisions to which we have referred, a bill for injunction against a suit at law brought by a non-resident plaintiff will be retained to grant relief as to all matters involved in a proper settlement of the litigation pending at law. *James* v. *Sams*, 90 *Ga.* 404; *Beall* v. *Rust*, 68 *Ga.* 774. It may be said that there are collateral questions made by the pleas, and that the determination of

such collateral questions are mainly the basis of the equitable relief sought.    But however this may be, if such questions are properly raised in defense to a pending suit and their consideration is necessary to a full defense and they are included in the litigation, a court of equity will go on to do equity between the parties and will grant substantial relief as to all matters of defense properly included in the litigation enjoined.    Such an equitable proceeding is based on the idea that while the plaintiff in the original suit may not be a resident of the county where it is pending, yet when he voluntarily instituted that suit, he gave to the courts of the county where it was instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted.    *Caswell* v. *Bunch*, 77 *Ga.* 504.    Such a proceeding, in our opinion, is not aggressive, but when any meritorious ground of defense is set up by a plea, and the adjudication of it would tend more fully to declare and protect the rights of a defendant, and it is necessary so to do to enjoin a common-law action pending, an equitable petition for this purpose is properly instituted, and is not held to be aggressive, but strictly defensive to such common-law proceeding.    We are of the opinion that a court of equity alone could fully and entirely grant the relief to which the defendant is entitled under the allegations set up in his pleas to the common-law action, assuming them to be true.    This is a civil case. Under the constitutional provisions the plaintiffs in error instituted their suit against the defendant in error where he resided, to wit, in the county of Gwinnett.    The defendant filed his pleas thereto ; and in holding that the superior court can alone give full and adequate relief under the pleadings, we are in strict accord with the constitutional provision, as we think, which requires such cases to be tried in the county where the defendant resides.    The plaintiffs in error here are not the defendants below, nor was it sought to make them defendants by filing the pleas in the city court and then instituting the equitable proceeding.    They are still plaintiffs.    The defendant in the case in that court is entitled to have all of his defenses adjudicated.    The forum which the plaintiffs have chosen has no jurisdiction to fully adjudicate such defenses, and the defend-

ant has sought to transfer the pending case from the court of limited jurisdiction to a court of general jurisdiction in the same county where the suit was originally brought. The object is to let in and have his defenses adjudicated. We think his equitable petition for that purpose is in accordance with law, and not violative of the constitutional provision.

*Judgment affirmed. All the Justices concurring.*