BANK OF FORSYTH *v.* DAVIS.

The payee of a negotiable promissory note, who receives other notes from the maker as collateral security, may lawfully transfer such collaterals to one to whom such payee assigns the principal note ; and if the assignee wrongfully converts the collaterals to his own use, the payee in the principal note will not be liable in trover for such conversion.

Argued April 8, — Decided April 26, 1901.

Action for damages.    Before Judge Reagan.    Monroe superior court. September 28, 1900.

*R. L. Berner*, for plaintiff in error.
*Cabaniss & Willingham*, contra.

COBB, J.    The controlling question in this case is whether the payee of a negotiable promissory note, with whom other notes of like character have been deposited as collateral security, is liable to the depositor for a conversion of the collaterals by one to whom the payee had transferred the principal note, and who as a result of such transfer came into possession of the collaterals.    The solution of this question depends upon whether the payee in the original note had a right to transfer the collaterals.    He was certainly authorized to transfer the principal note, which was his property. If he could transfer the debt due him, is there any good reason why he should not have been allowed at the same time to transfer the property which he had received in pledge to secure the principal note?    This question seems to be settled by the Civil Code, § 2961, which declares:    "The pawnee may transfer his debt, and with it the possession of the thing pawned, and the purchaser stands precisely in his situation."    When the pawnee transfers his debt and delivers to the transferee the property given to secure the debt, the transaction is not a sale of the pledge, but simply places the transferee in the same position which the original creditor occupied. Consequently the provisions of section 2958 of the Civil Code, with reference to sales by a pawnee of the property received in pledge, are not applicable to such a transfer.    The section of our code which authorizes the pawnee to transfer the debt and with it the thing pawned seems to be a codification of the common law.    See Goss *v.* Emerson, 3 Fost. (N. H.) 38; 18 Am. & Eng. Enc. L. (1st ed.) 661; Schoul. Bail. § 218; Jones, Pled. & Col. Sec. (2d ed.) § 425. It is said, however, that very great hardship may result from this rule, growing out of the fact that the payee of the note, with whom the collaterals were originally deposited, may be solvent and a person to whom the maker of the note would willingly trust the securities delivered in pledge, and the transferee might be one who was insolvent and irresponsible, on account of which loss would result to the maker of the principal note if the transferee converted the collaterals to his own use.    One who makes a negotiable promissory note and delivers it to another is charged by the law with notice that the payee of the note has a right to transfer it by sale or otherwise to whomsoever he may see proper.    If, therefore, the maker

of the note desires to be protected against a transfer by the payee of other notes given to secure the debt, he should let his debt be evidenced by a non-negotiable paper.

*Judgment reversed. All concurring, except Lewis, J., absent.*