## CRAWLEY *v.* BARGE *et al.*

In cases of injunctions to stay pending proceedings the petition may be filed in the county where the proceedings are pending, although no defendant against whom substantial relief is prayed resides there, provided no relief is prayed as to matters not included in such litigation.

The petition in this case, if otherwise unobjectionable, prayed for relief as to matters not included in the proceeding sought to be enjoined, and was, therefore, subject to demurrer on the ground of want of jurisdiction.

Argued July 25, 1908.—Decided February 19, 1909.

Equitable petition. Before Judge Ellis. Fulton superior court. October 2, 1907.

M. F. Crawley brought an equitable petition in the superior Court of Fulton county, against J. G. Bloodworth, N. P. and ex-officio J. P. of the 1026th district, G. M., of that county, and A. A. and J. L. Barge, alleged to be residents of Spalding county. The substance of the petition was: The Barges had obtained a judgment against the petitioner in the 1001st militia district of Spalding county, and summons of garnishment had been issued on such judgment by Bloodworth, as ex-officio justice of the peace of the 1026th militia district of Fulton county, directed to the Phœnix Planing Mill, petitioner's employer; and as such employer would have to answer that it was indebted to him, judgment would be rendered against such garnishee, and petitioner would be deprived of his property or money thereunder. The Barges have no valid judgment against petitioner, and he was not indebted to them at all. He did not live in the 1001st militia district of Spalding county at the time the suit upon which the judgment in question was rendered was brought against

him, but was then, and for some time prior thereto, a resident of Fulton county. He was never served with a summons in such suit, and has never had his day in court. He endeavored to find out who made the entry of service and what kind of entry it was, in order that he might traverse it, but has been unable to find out these facts. Under the facts alleged, the Barges have injured and damaged petitioner in the sum of $100, $50 thereof being for attorney's fees in this suit, $10 for loss of time, "and $40 exemplary or punitive damages in tying up petitioner's salary." The prayers of the petition were, that the the Barges and Bloodworth, the ex-officio justice of the peace, be enjoined from entering up judgment against the garnishee; that the garnishment be dissolved; that the judgment in the justice's court of Spalding county be set aside, and that petitioner recover of the Barges the damages sued for. By an amendment it was alleged, that the justice's court in Spalding county which rendered the judgment against petitioner was without jurisdiction to do so, as he was then a resident of Fulton county and subject to suit in the 1026th militia district thereof; that one H. P. Griffin, L. C., had made an entry of service upon petitioner in the suit which the Barges brought against him in the 1001st militia district of Spalding county, in which entry he purported to have served petitioner with the summons by leaving a copy thereof at his most notorious place of abode; that this entry was untrue, as petitioner was then a resident of Fulton county, and petitioner "comes now, at the first term of court after notice, and traverses said entry of service, and says that it is untrue, that he was not served at his most notorious place of abode, and petitioner asks leave of court to make said legal constable a party defendant to this suit, and that he be required to come into court and answer said traverse in this honorable court." The prayers of this amendment were, that Griffin, the Spalding county constable, be made a party defendant to the case, that service be perfected upon him and he be required to answer, and that the judgment complained of be set aside. Upon the allowance of this amendment, the court ordered that Griffin be made a party defendant and that service be perfected upon him as such. It does not appear, however, that any service was made upon Griffin, or that he filed any answer. The Barges demurred to the petition, upon several

grounds, one of which was that the court had no jurisdiction of the case, " as all the defendants against whom substantial relief is prayed are alleged to be citizens of Spalding county." The demurrer was sustained and the petition dismissed, and the petitioner excepted.

*T. J. Ripley,* for plaintiff. *J. J. Barge,* for defendants.

FISH, C. J. (After stating the facts.) The constitution declares: " Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code, § 5871. Section 4950 of the Civil Code adds to this language, " except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending; provided no relief is prayed as to matters not included in such litigation." If this section sought to confer equity jurisdiction generally in a county other than that of the residence of a defendant against whom substantial relief is prayed, it would be in direct conflict with the constitution. The exception stated in section 4950 can be upheld only on the theory of waiver, that is, that where a party institutes a proceeding in a county other than that of his residence, against a person residing in such county, he submits himself, to the extent of such suit, to the equitable jurisdiction of the superior court of the county in which the suit is brought. *Caswell* v. *Bunch,* 77 *Ga.* 504; *Townsend* v. *Brinson,* 117 *Ga.* 375 (43 S. E. 748). When he does this, he can not complain that he is met in the county of his choice. This, however, applies only to the extent of his waiver—that is, to the extent of matters included in such litigation. If one brings a suit in a county other than that of his residence, the defendant may in that county set up and have adjudicated as to the non-resident plaintiff all matters necessary to his complete defense. *Moore* v. *Medlock,* 101 *Ga.* 94 (28 S. E. 836). But such defendant can not go further and turn the case into a general equity suit against the original plaintiff. Whether the waiver of, or submission to, the jurisdiction referred to is only as to parties to the suit instituted, or as to all persons who may be affected by it, is a question which has not, so far as we are advised, been determined. A garnishment is a proceeding, and until disposed of is a pending proceeding. The garnisher is in the position of the plaintiff and the garnishee of the defendant in that pro-

ceeding. The defendant in the original action is not generally a party to the garnishment proceeding, though he is interested therein, and, under the statute, may assert certain rights. It may, therefore, be a question whether, under section 4950 of the Civil Code, there is a waiver of, or submission to, the jurisdiction as to the defendant, or only as to the garnishee, relatively to an equitable petition to enjoin the proceeding. If it be as to the debtor of the plaintiff, then the jurisdiction of such petition would only be to the extent of the waiver. Assuming that this section of the code applies to a petition to enjoin a garnishment proceeding, brought by the real defendant in such proceeding, the petition in the present case, as amended, was not merely to enjoin the garnishment on account of matters included in that litigation. It sought to obtain injunction against the garnishment, to have the judgment which was claimed to have been obtained against the alleged debtor of the garnisher, and on which the garnishment was based, set aside, to traverse the return of the officer in the suit in which that judgment was obtained, and to recover damages of the plaintiffs in that case. Much of the petition and the prayers was as to matters not involved in the garnishment case. One ground of the demurrer raised the question of jurisdiction, because no party against whom substantial relief was prayed resided in Fulton county. If there was jurisdiction there, it was solely under section 4950 of the Civil Code. The petition, however, does not accord with that section. If it be suggested that "a suitor is not to be turned out of court for his much praying," as was said in *Kupferman* v. *McGehee,* 63 *Ga.* 250, the reply is, that that rule applies to a case where the court has jurisdiction, but where certain prayers are not proper under the facts of the case made. Where the general constitutional jurisdiction is in one county, and the right to proceed in another depends upon waiver of, or submission to, jurisdiction in the latter county by the plaintiff in the proceeding sought to be enjoined, and upon the particular kind of equitable petition which may be filed to enjoin the proceeding of the original plaintiff, an equitable petition which does not substantially comply with the statute can not be upheld. If in its general scope it does not conform to the statute, it is subject to demurrer for want of jurisdiction.

We do not find it necessary to determine whether this petitioner could have made a case for injunction to stay this garnishment proceeding, or to determine what was necessary for that purpose, if he could do so; nor is it necessary to decide whether an equitable petition clearly authorizing injunction against a common law or statutory proceeding in the county where such proceeding is brought would be held subject to be dismissed on general objection, if some particular incident or prayer is beyond the scope of the jurisdiction, or whether, in that event, the portion thus in excess of the jurisdiction should be eliminated. We take this case as we find it—an effort to start at the foundation, traverse an official return, to have the judgment based thereon in another county set aside, to recover damages against the plaintiffs in that suit and in the garnishment proceeding, and to have the garnishment proceeding enjoined. In its general scope, we think this case was not within the jurisdiction of the superior court of Fulton county, where no party against whom substantial relief was prayed resided, neither the plaintiffs whose proceeding was sought to be enjoined, nor the officer whose return was sought to be traversed and set aside. Objection was raised on this ground. No effort was made to eliminate any part of the pleadings, or to have the ruling confined to such parts as ought to have been eliminated, if that could have been done. The petitioner insisted upon his petition as a whole; the judge ruled on it in its entirety. The exception is to the ruling, generally, as made. We can not say that it was error.

*Judgment affirmed. All the Justices concur.*