SHORTER *v.* SHORTER.

FISH, C. J. A husband sued his wife for a divorce on the ground of cruel treatment. The petition alleged, that at the time of instituting the action the plaintiff was a citizen of Fulton county, where the suit was brought, and that the plaintiff and the defendant had been citizens thereof for more than twelve months next preceding the filing of the petition; that the parties had four minor children of the ages of nine, eight, seven, and three years; and that the plaintiff had cared for them since the separation of himself and wife, and expected to continue to support them. The defendant filed a verified answer wherein the al-

leged residence of her husband and herself was admitted as stated in the petition. She denied that she had ever been guilty of any of the acts of cruelty alleged against her, but averred that the plaintiff had been guilty of cruelty toward her, setting forth specific instances, and that the plaintiff had also been guilty of frequent acts of adultery with a named woman. The defendant therefore prayed for a divorce from the plaintiff. She further prayed for the custody of the minor children, for temporary and permanent alimony, and for counsel fees. The defendant subsequently had an amendment allowed to her answer, in which she averred that the plaintiff was not residing in Fulton county at the time he brought suit against her for divorce, and that he had never been a resident of the State of Georgia; and that he was not in the State at the time of bringing his action, and had not thereafter been in the State. She prayed that the action against her be enjoined until the question of alimony and counsel fees could be adjudicated, and, as plaintiff was beyond the jurisdiction of the court, that his attorneys of record who instituted the action for divorce in his behalf be served with her cross-petition. An order was granted, that the plaintiff show cause why the prayers of the cross-petition should not be granted, and that the attorneys of record for the plaintiff be served with the cross-petition and amendment thereto. They were so served. Upon the hearing counsel for the plaintiff appeared for the sole purpose, as stated, of making the point that the plaintiff had not been personally served with the cross-petition. The court thereupon passed the following order: "Upon oral demurrer to defendant's application to enjoin plaintiff's suit for divorce until provision for alimony is made, and for temporary alimony, it is ordered that said injunction and temporary alimony be denied upon the ground that service upon attorneys for a non-resident plaintiff is insufficient." *Held,* that the court erred in granting such order. The plaintiff, by bringing the action for divorce in the superior court of Fulton county, had submitted himself to the jurisdiction of the court. The relief sought in the cross-petition was pertinent and could be rightfully urged against the plaintiff, and it was not necessary that he be served with the cross-petition. Civil Code, §§ 5406, 5410, 5547; Gilpin *v.* Gilpin, 12 Colo. 504 (21 Pac. 612); 14 Cyc. 673; 15 C. J. 798, 811; *Callaway* v. *Jones*, 19 *Ga.* 277; *Markham* v. *Huff*, 72 *Ga.* 874; *Caswell* v. *Bunch*, 77 *Ga.* 504; *Moore* v. *Medlock*, 101 *Ga.* 94, 101 (28 S. E. 836); *Ray* v. *Home etc. Co.*, 106 *Ga.* 492 (32 S. E. 603); *Home Mixture Guano Co.* v. *Woolfolk*, 148 *Ga.* 567 (97 S. E. 637).

(*a*) Under the practice in this State there is no requirement for service of a cross-bill or answer praying for affirmative relief which is germane to the original petition. Where such relief is sought, a plaintiff can not dismiss his action for the purpose of avoiding it, notwithstanding he has not been served.

(*b*) This case is clearly distinguishable from *Baldwin* v. *Baldwin*, 116 *Ga.* 471 (42 S. E. 727), and *Stallings* v. *Stallings*, 127 *Ga.* 464, 469 (56 S. E. 469, 9 L. R. A. (N. S.) 593).

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1673. APRIL 14, 1920.

Divorce, etc. Before Judge Pendleton. Fulton superior court. September 12, 1919.

*Hines, Hardwick & Jordan,* for plaintiff in error.

*Branch & Howard,* contra.

