TERHUNE, administrator, *v.* PETTIT *et al.*

No. 14527. APRIL 13, 1943. REHEARING DENIED MAY 8, 1943.

794

*Forrest C. Oates* and *Leon & Dean Covington,* for plaintiff in error.

*Hughes Roberts, MacDougald, Troutman & Arkwright,* and *Dudley Cook,* contra.

GRICE, Justice. Terhune, administrator, a resident of Polk County, protested being made a party to the proceeding in Fulton superior court brought by Mrs. Pettit against the Georgia Power Company, a resident of Fulton County, and excepted to the refusal of the court to dismiss the cross-action as to him, on the ground that the court had no jurisdiction to grant as to him the relief sought in the cross-action filed by the Georgia Power Company, which was a petition for interpleader. In the cross-action

injunction was prayed for, with a prayer that Mrs. Pettit, and Terhune, administrator, both residents of Polk County, interplead in the suit in Fulton superior court. A petition for interpleader is an equitable proceeding. *Bank of Tifton* v. *Saussy*, 127 *Ga.* 457 (56 S. E. 513). The constitution of this State, art. 6, sec. 16, par. 3 (Code, § 2-4303), declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." The cross-action of the Georgia Power Company was a suit. Neither of the parties against whom relief was sought resided in the county where the suit was pending. Its counsel, however, relies upon section 3-202 of the Code, which declares: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunction to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." Counsel insist that the court did have jurisdiction of Terhune, the resident of Polk County, by reason of the holdings in *Moore* v. *Medlock*, 101 *Ga.* 94 (28 S. E. 836) ; *Home Mixture Guano Co.* v. *Woolfolk*, 148 *Ga.* 567 (97 S. E. 637) ; *Shorter* v. *Shorter*, 150 *Ga.* 109 (102 S. E. 863) ; *DeVore* v. *Baxter*, 150 *Ga.* 188 (103 S. E. 242) ; *Vickers* v. *Robinson*, 157 *Ga.* 731 (122 S. E. 405). These cases simply announce the rule that a plaintiff who institutes a suit in a county other than the one in which he resides, for all the purposes of the defense of that suit, submits himself to the jurisdiction of the courts of the county in which the suit is pending. The only way in which section 3-202 can be reconciled with the constitutional provision above quoted is on the idea of waiver, in that a plaintiff by voluntarily instituting his suit gives to the court of the county where it is so instituted jurisdiction of his person, sufficient to answer all the ends of justice respecting the suit originally instituted. *Caswell* v. *Bunch*, 77 *Ga.* 504, and the cases cited above.

In *Crawley* v. *Barge*, 132 *Ga.* 96 (63 S. E. 819), in speaking of this waiver, the court said: "Whether the waiver of, or submission to, the jurisdiction referred to is only as to parties to the suit instituted, or as to all persons who may be affected by it, is a question which has not, so far as we are advised, been determined." In *Home Mixture Guano Co.* v. *Woolfolk*, supra, it was observed

that "On the question here under consideration, this court has committed itself to a strict construction of the exception contained in section 5527" (§ 3-202)., In *Harvey* v. *Atlanta & Lowry National Bank,* 164 *Ga.* 625 (139 S. E. 147), may be found this statement: "The constitution fixes the venue of suits of this character in the county of the residence of the defendant against whom substantial relief is prayed. Civil Code [1910], § 6540. No legislative or judicial tinkering can add to, take from, or vary this provision. This statement is made with section 5527 before us, wherein a seeming exception is set up. See 132 *Ga.* 96 (63 S. E. 819). It is apparent that only through waiver or voluntary submission to the courts of another county may a trial take place in a county other than that of the defendant's residence." This statement was approved in *Hanson* v. *Williams,* 170 *Ga.* 779 (154 S. E. 240). The Code, § 24-112 declares: "Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, in so far as the rights of the parties are concerned, but not so as to prejudice *third persons.*" (Italics ours.) Since section 3-202 can be reconciled with the constitutional provision as to venue of equity cases only on the ground of waiver, it would seem that the section 24-112, and particularly the latter portion thereof, is directly in point. This seems to be in harmony with the decision of this court in *Central Bank of Georgia* v. *Gibson,* 11 *Ga.* 453 (4), in which it was ruled that although want of jurisdiction has been waived by the defendant, such waiver is void as to third persons. The basis of that decision is that "the right of being sued in the county of his residence is a privilege guaranteed by the constitution to the defendant."

The question left open in *Crawley* v. *Barge,* supra, reference to which has heretofore been made, was in effect answered by this court in *Millsap* v. *Waco Mercantile Co.,* 145 *Ga.* 95 (88 S. E. 673). From the rather complicated facts in that case it will be noted that Millsap, as administrator, brought suit against Waco Mercantile Company and Robertson, as executor, in which it was prayed that the defendants be required to interplead, and that Waco Mercantile Company be enjoined from further prosecuting its suit theretofore filed in the superior court; that a decree be rendered determining the rights of the defendants with respect thereto, etc.

At the interlocutory hearing, in which it was sought to enjoin the suit of the Waco Company, the court denied the relief asked for, and dissolved the restraining order. The plaintiff excepted. The court had before it the question whether or not the petition of Millsap praying for relief appropriate to a petition for interpleader was meritorious. This court, in reversing the judgment of the trial court, held that the petition stated a case for interpleader, and in doing so necessarily adjudged that the relief sought could not be obtained by making new parties in the suit of Waco Mercantile Company theretofore pending, since the plaintiff in the present suit resided in Colquitt County, and Robertson and Waco Company were both residents of Haralson County. In reaching its conclusion the court said: "The plaintiff in the present suit, who resides in Colquitt County, can not require all the parties to interplead in that county, because neither of them resides there, and only one of them is there as plaintiff in the suit on the notes, and the other can not be drawn into that jurisdiction and required there to interplead." And in the opinion this statement is found: "The exception contained in the Civil Code, § 5527 [§ 3-202], to the effect that injunction suits to stay pending proceedings may be filed in the county where the proceedings are pending, provided no relief is prayed as to matters not included in such litigation, does not affect the venue of the present suit, in which independent relief is sought against one who is a non-resident of Colquitt County, and who is not a party to the suit there pending."

In view of the above it must be held that it was erroneous to overrule the objection of the plaintiff in error to being made a party, and to refuse to dismiss the cross-action as to him, the ground of such objection and motion being that the court had no jurisdiction to grant, as to him, the relief sought.

*Judgment reversed. All the Justices concur.*