19818.  SECKINGER *et al. v.* CITIZENS & SOUTHERN
NATIONAL BANK *et al.*

DUCKWORTH, Chief Justice.  1.  Petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is sought, except in cases of injunctions to stay pending proceedings, which may be filed in the county where the proceedings shall be pending provided no relief is prayed as to matters not included in such litigation.  Code (Ann.) § 2-4903; Code § 3-202.

2.  Any person desiring to obtain equitable relief may, in a separate suit or in connection with a suit at law, claim equitable relief by appropriate and sufficient pleadings to obtain equitable relief proper in the case.  30 C. J. S. 445, § 83; Code §§ 37-902, 37-904.

3.  Where, as here, one of the defendants had filed guardianship proceedings as to minor children in Effingham County, which was pending on appeal to Effingham Superior Court, and the plaintiffs had filed adoption proceedings as to the same minors in Chatham Superior Court, this action in Chatham

Superior Court praying for equitable relief to avoid a multiplicity of suits, the depletion of the minors' estate, expenses of litigation, a threatened habeas corpus proceeding in Chatham Superior Court, and seeking relief against Citizens & Southern National Bank, the guardian of the property by consent of all the parties of said minors, and a resident of Chatham County—although the other parties are residents of Effingham County —and praying for injunction to prevent the expenditure of the funds of said minors until the further order of the court, and that a court of equity should take jurisdiction of said matter, hear and determine the adoption proceedings, and consolidate all other issues including the guardianship proceedings—the petition fails to allege a cause of action against the resident defendant, since it contains no allegations showing that the bank is doing or threatening to do an illegal act; and the court thus fails to obtain jurisdiction of the nonresidents. While, as stated in *Chase* v. *Bartlett*, 176 *Ga.* 40 (166 S. E. 832), and *Dooley* v. *Scoggins*, 208 *Ga.* 200 (2) (66 S. E. 2d 62), the superior court is vested with power and authority as chancellor to superintend and care for the person and property of minors, and when a suit is filed relative to an infant seeking relief against several defendants, one of whom is a resident of the county where the petition is filed, the superior court obtains jurisdiction—these cases have no application where no cause of action is alleged against the resident defendant. Nor is the petition sufficient to enjoin the prosecution of the pending suit in Effingham County as an ancillary one to the adoption proceedings, the nonresidents having filed objections therein, since, under Code § 37-122, no good reason is shown for the interference of equity in a pending law case. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1957—DECIDED OCTOBER 15, 1957.

*Allyn M. Wallace, Lewis, Wylly & Javetz,* for plaintiffs in error.

*Hitch, Miller & Beckmann, George Fetzer, Walton Usher, Myrick, Myrick & Richardson,* contra.