20323. BAILEY *v.* WILLIAMS, Administrator *et al.*

ARGUED JANUARY 14, 1959—DECIDED FEBRUARY 6, 1959.

*J. T. Sisk,* for plaintiff in error.

*A. S. Skelton, Clete D. Johnson, Marshall L. Allison,* contra.

MOBLEY, Justice. Article 6, section 14, paragraph 3, of the Constitution of Georgia of 1945 provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Code (Ann.) § 2-4903. Code § 3-202 adds to this provision, ". . . except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." The plaintiff contends that the Superior Court of Hart County has jurisdiction under this Code section. Since this is an exception to the constitutional requirement, it must be strictly construed. *Home Mixture Guano Co.* v. *Woolfolk,* 148 *Ga.* 567, 573 (97 S. E. 637). If it sought to confer jurisdiction generally in a county other than that of the residence of a defendant against whom substantial relief is prayed, it would be in conflict with the Constitution. "The exception stated . . . can be upheld only on the theory of waiver, that is, that where a party institutes a proceeding in a county other than that of his residence, against a person residing in such county, he submits himself, to the extent of such suit, to the equitable jurisdiction of the superior court of the county in which the suit is brought." *Crawley* v. *Barge,* 132 *Ga.* 96, 98 (63 S. E. 819).

The waiver as to the nonresident's person is limited to relief germane to and involved in the action which he starts. *Thomason* v. *Thompson,* 129 *Ga.* 440, 445 (59 S. E. 236, 26 L.R.A. (NS) 536).

In *Carswell* v. *Macon Manufacturing Co.,* 38 *Ga.* 403, 406, it is pointed out that this court in very early cases cited, prior to enactment of the constitutional and statutory provisions on this question, established that ". . . equity causes must be brought in a county where a defendant resides against whom substantial relief is prayed," and that ". . . this rule does not apply to bills ancillary to suits at law, as for discovery, injunction, etc. In such causes, so far as the bill is merely defensive, and seeks no relief outside of the suit pending, the county where the suit is pending has jurisdiction. . . So far

as such bills are thus confined, we hold they may be brought in the county where the suit is pending. If they seek other relief, become aggressive, instead of simply defensive, they are, so far, demurrable. This bill seeks only to *enjoin* the common law suit in Bibb; it asks no relief independently of that." The constitutional provision (Code, Ann., § 2-4903) and Code § 3-202 are apparently codifications of these principles established by this court.

In *Crawley* v. *Barge*, 132 *Ga.* 96, supra, plaintiff brought an equitable petition in Fulton County, against a justice of the peace of Fulton County and A. A. and J. L. Barge of Spalding County, to enjoin a garnishment proceeding which the Barges had brought in Fulton County against his employer, in which petition he alleged that the judgment against him upon the garnishment proceeding was void and he sought further to declare said judgment void, recover damages, and traverse of the officers' return on the original case. The court held that Fulton County was without jurisdiction, as the petition did not accord with Code § 3-202, for the reason that the Barges, the only defendants against whom substantial relief was prayed, were not residents of Fulton County, and the relief sought was as to matters not included in the garnishment proceeding.

The theory, that the person who institutes an action in a particular county thereby voluntarily submits himself to the jurisdiction so far as matters involved in such litigation are concerned, ". . . operates as to persons who are or properly become parties to such litigation." But "where a fi. fa. is levied on property, and a claim is interposed and returned to the proper court for trial, this does not operate as a waiver of jurisdiction by the claimant as to all the world, so as to authorize the original defendant in fi. fa. to file an equitable petition in the county where the claim is pending, asserting title in himself, and seeking to obtain equitable relief against the claimant, and, as a part thereof, to enjoin the proceeding of the execution and the claim case, regardless of the residence of any person against whom substantial relief is sought." *Keith* v. *Hughey*, 138 *Ga.* 769 (2) (76 S. E. 91). See also *Bishop* v. *Brown*, 138 *Ga.* 771 (3) (76 S. E. 89), and *Terhune* v. *Pettit*, 195 *Ga.* 793 (25 S. E. 2d 660).

Applying the foregoing principles and the rulings made in cases cited, it is clear that this petition does not come within the exception provided in Code § 3-202, and that the Superior Court of Hart County does not have jurisdiction. The relief prayed is as to matters not included in the partition proceeding. This was a statutory partition proceeding, where the only relief sought was a division of the property among the owners. The petitioner was not an owner. He had by a deed conveyed his interest in the property to these two defendants. When these parties filed their partition proceeding in Hart County, they submitted to the jurisdiction of Hart County only as to matters pertaining to a partition of the property and as to co-owners of the property. The plaintiff's petition attacking the deed he had made, seeking to set it aside for fraud, and asking cancellation of a security deed made by one of the defendants to the other on his half interest in this property, is not germane to the partition proceeding. The effect of it would be to convert the partition proceeding into a general equity suit against the original plaintiffs in the partition proceeding, which cannot be done. *Crawley* v. *Barge*, 132 *Ga.* 96, supra.

The trial court properly sustained the demurrer to the petition on the ground that Hart County was without jurisdiction. Since this ruling disposes of the case, it is not necessary to determine whether the trial judge properly sustained the plea to the jurisdiction.

*Judgment affirmed. All the Justices concur.*