## 21059. SPILLER v. CHAPMAN.

CANDLER, Justice. Ruby Scott died December 8, 1959, a resident at the time of her death of Madison County, Georgia. She had executed a will several years prior to her death, in which she gave her entire estate equally to her three sisters, namely, Laura S. Chapman, Addie S. Spiller, and Mollie Scott. Her will nominated Laura S. Chapman to be the sole executrix of her estate. Mollie Scott died prior to the death of the testatrix, leaving no child or issue thereof. Mrs. Chapman, as the nominated executrix of such will, offered it for probate in solemn form in the Court of Ordinary of Madison County, and proper notice and service of her application was given and effected. She prayed for a judgment probating the will in solemn form and for letters testamentary. No caveat was filed, but Mrs. Spiller, a beneficiary under decedent's will, brought an equitable suit in the Superior Court of Madison County against Mrs. Chapman, the propounder. In addition to the facts stated above, her petition also alleges: The estate of the testatrix consists of approximately 50 acres of land in Madison County and a small amount of household and kitchen furniture. At the time of her death, she was almost 70 years of age, had no child or children, and had been divorced from her husband for many years. During December 1958, the testatrix became very ill while visiting the defendant, Mrs. Chapman, at her home in Atlanta. From that date until her death she was nursed and cared for by the parties to this litigation, part of the time at the home of the plaintiff and part of the time at the home of the defendant, she being at the latter's home at the time of her death. About November 1, 1959, the testatrix expressed a desire to change her will so as to give her entire estate to the plaintiff, and she requested the plaintiff to call an attorney for the purpose of so changing her will. The plaintiff telephoned the defendant about such desire on the part of their sister. The defendant advised her not to call an attorney, but to let the will remain as it was, and she would give her that part of their sister's estate which the will bequeathed to her. The plaintiff acted on this assurance and no change was made in the will. Since the death of the testatrix, the defendant has refused to comply with such promise. The prayers are: (1)

that the defendant be temporarily and permanently enjoined from proceeding further with her application to probate the decedent's will, including the acceptance of letters testamentary and a sale of any part of the estate; (2) that it be decreed that defendant holds that part of the decedent's estate which passed to her under the will as trustee for the plaintiff; (3) that the defendant be required to specifically perform her oral promise to give the plaintiff her part or share in the decedent's estate; (4) that the court administer the decedent's estate through a receiver or by proper orders of the court through the defendant as trustee for the plaintiff; and (5) that the plaintiff have such other and further relief as may be equitable in the premises. The defendant filed a plea to the jurisdiction of the Superior Court of Madison County, and alleged that she was a resident of Fulton County and that the court in which the plaintiff filed her equitable suit therefore had no jurisdiction to grant the relief sought thereby. On the trial of the issue made by the special plea, the evidence showed without dispute that the defendant was in fact a resident of Fulton County when the plaintiff's suit was instituted. The plea was sustained and the plaintiff's equitable suit was dismissed. The exception is to that judgment. *Held:*

In *Seckinger v. Citizens & Southern National Bank,* 213 Ga. 586 (1) (100 S. E. 2d 587), it was unanimously held that "Petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is sought, except in cases of injunctions to stay pending proceedings, which may be filed in the county where the proceedings shall be pending provided no relief is prayed as to matters not included in such litigation. *Code Ann.* § 2-4903; *Code* § 3-202." Since the evidence in the instant case shows without dispute that Mrs. Chapman, the only defendant to such suit, was a resident of Fulton County, Georgia, when the plaintiff instituted this suit against her for equitable relief in the Superior Court of Madison County, and since the petition prays for relief as to matters not included in the defendant's pending application to probate the decedent's will in solemn form (*Peavey v. Crawford,* 182 *Ga.* 782 (3), 187 S. E. 13, 107 A. L. R. 828), it necessarily follows that the court did not err, as contended, in sustaining the de-

fendant's (Mrs. Chapman's) plea to the jurisdiction of the court and in dismissing the plaintiff's suit. For like holdings, see *Bailey v. Williams*, 214 Ga. 702 (107 S. E. 2d 209), and the several cases there cited.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960.

*Stephens, Fortson, Bentley & Griffin*, for plaintiff in error.
*R. Howard Gordon, J. Everett Thrift*, contra.