## 15071. WIDINCAMP *v.* GLENNVILLE BANK.

The answer admitted the execution and delivery of the unconditional note sued on, and attempted to set up fraud and want of consideration, but, neither defense being shown by the facts alleged, the court did not err in striking the answer and entering judgment for the plaintiff.

DECIDED DECEMBER 7, 1923.

Complaint; from city court of Reidsville—Judge Lanier presiding. September 11, 1923.

Glennville Bank sued E. Widincamp upon a promissory note. The defendant by his answer showed that he and one DeLoach were originally indorsers on a note executed by another to the plaintiff bank; that, suit having been instituted on this note against the principal and the indorsers, this defendant paid one-half of the obligation and gave his note (for which that sued on is a renewal) for the remainder; that "C. W. Kicklighter, acting for the Glennville Bank, told this defendant that the bank had plenty of the property of . . . DeLoach to pay his half of the original debt and that he would make the money out of that property, and never bother this defendant, but that he must have this note of the defendant to represent the debt while the bank was trying to collect it out of DeLoach;" "that this note was given for no consideration, and there has been a total failure of consideration, as this defendant simply gave his note to represent the debt that was to be collected out of DeLoach, and the said C. W. Kicklighter told this defendant that if he would sign this note, he would get the note of" DeLoach, indorsed by others, which was never done; and that the plaintiff "procured the name of this defendant to be signed to said note by fraud," alleged to consist of the conduct of the plaintiff's agent as above set out. The answer alleges further that at the execution of the renewal note sued on the plaintiff's agent repeated the statements detailed above.

The court on motion struck defendant's plea, and entered up judgment in favor of the plaintiff, for the principal sum sued for, together with interests and costs; and the defendant excepted.

*H. H. Elders,* for plaintiff in error. *J. T. Grice,* contra.

BELL, J. (After stating the foregoing facts.)

The answer failed to show that the note sued on was without consideration. The defendant was originally liable on the note of another as indorser and this liability furnished a consideration in

succession for each of the notes given thereafter in renewal. Also the plea was insufficient as a plea of fraud. *Sasser* v. *McGovern*, 11 *Ga. App.* 88 (74 S. E. 797) ; *Haymans* v. *Bennett*, 29 *Ga. App.* 265 (114 S. E. 923) ; *Tennille Banking Co.* v. *Ward*, 29 *Ga. App.* 660 (116 S. E. 347).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*