## HANSON *v.* WILLIAMS.

No. 7721.   July 17, 1930.

*Pearce Matthews,* for plaintiff.    *T. B. Higdon,* for defendant.

GILBERT, J.   On October 23, 1929, Williams sued Mrs. Hanson in the municipal court of Atlanta.   Three items of indebtedness were set out: the first amounting to $1633, alleged to be the balance due under a contract by which petitioner superintended the erection of a certain building; the second being for 3200 square feet of sheet rock at $39 per square foot, alleged to have been furnished by petitioner to Mrs. Hanson; and the third being for $78.75, alleged to be the balance due under a contract by which petitioner superintended the erection of a building on another certain lot, and as to which the petition alleged that a claim of lien had been filed.   The prayer of this petition was for judgment in the sum of $1836.55, and for the establishment of the claim of lien for $78.75 on described real estate.   On January 16, 1930, Mrs. Hanson filed in Fulton superior court a petition against Williams, seeking to enjoin further prosecution of the suit brought by Williams in the municipal court, and praying that an equitable accounting be had upon certain items of indebtedness alleged to exist between the parties, and for judgment against Williams for such amount as might be found to be due to Mrs. Hanson.   To the suit in the municipal court Mrs. Hanson filed an answer in which she denied any indebtedness to Williams, and set up that

Williams was indebted to her in the aggregate sum of $5753.38, made up of items therein specified, and in this answer she prayed that she have judgment for the indebtedness due her. In the suit filed by Mrs. Hanson against Williams in Fulton superior court she alleged that for about four years Williams and herself engaged in building a large number of houses, sometimes as joint enterprises, sometimes as partners, and sometimes Mrs. Hanson would build the houses and employ Williams as foreman in connection therewith; that the transactions sued for by Williams were only a few isolated items; and that only by a full accounting between them, covering a period of about four years and involving hundreds of transactions, could the true indebtedness of one to the other be established. In this suit certain items of indebtedness were set up against Williams which were not included in the answer filed by Mrs. Hanson in the suit in the municipal court.

The grounds of general demurrer are: (1) want of equity; (2) the petition shows that plaintiff has set up her rights by way of set-off in the action pending in the municipal court, and she is barred from proceeding in this suit pending the suit in the municipal court; (3) petitioner has an adequate remedy at law; (4) the petition as amended shows that defendant, Williams, is not a resident fo Fulton County, but of Habersham County, and the superior court of Habersham County has jurisdiction in the cause alleged, and the same can not be maintained in Fulton County. This fourth ground of demurrer formed the basis of the plea to the jurisdiction, and the question of jurisdiction was also pleaded in the answer. The bill of exceptions contains the following recital: "It was agreed by both parties that the defendant, H. A. Williams, was, at the time of filing his said suit against the plaintiff in the municipal court of Atlanta, a resident of Fulton County, Georgia." On the hearing the defendant testified by affidavit: "Affiant is not a resident of Fulton County, Georgia, but now resides in Habersham County, Georgia, and was a resident of said last-named county when these proceedings were filed." The chief contention of defendant in error is that the suit of Mrs. Williams can not be maintained in Fulton County, because, after the filing by Williams of the suit in the municipal court of Atlanta, and before the filing of the suit in the superior court against him by Mrs. Hanson, he changed his place of residence from Fulton to Habersham County,

and her suit in the superior court seeks relief as to matters not included in the suit in the municipal court. The court denied the interlocutory injunction, and dismissed the petition on general demurrer.

We first consider whether the equitable petition set out a cause of action sufficient to withstand general demurrer on grounds other than that of jurisdiction, and whether under the evidence the court erred in refusing to enjoin the pending action in the municipal court of Atlanta. The question of jurisdiction will be dealt with subsequently. The jurisdiction of the municipal court of Atlanta is limited to the sum of $2500. Ga. Laws 1925, p. 362, § 26, p. 387. According to the petition of Mrs. Hanson, she claims an indebtedness to her by Williams in an amount in excess of $5000. Williams' claim against Mrs. Hanson is slightly under $2000. Thus it is seen that the amount of Mrs. Hanson's claim is in excess of the jurisdictional limitation of the municipal court of Atlanta. Moreover, the petition of Mrs. Hanson alleges that the transactions between herself and Williams were numerous and extended over a number of years, that some were in the nature of a copartnership, and others were of a different nature shown in the statement of facts preceding. According to the allegations of the petition, powers necessary for a complete adjudication of the mutual claims are not within the jurisdiction of the municipal court of Atlanta, but on the contrary are peculiarly within the jurisdiction of a court of equity. It is of course well recognized that a common-law court, such as the municipal court, may take cognizance of equitable defenses, but these courts can not grant affirmative equitable relief. The fact that Mrs. Hanson had previously filed an answer in the municipal court will not deprive her of, or compel her to forego, an appeal to a court of equity. Obviously, the relief which she seeks can not be granted in the municipal court. The equitable petition seeks an adjudication of all matters of dispute between Mrs. Hanson and Williams. The nature of these transactions is shown above. All of them were more or less connected in the general course of business relations between these parties. Under the allegations, only a court of equity can adjudicate all matters, and, having the parties before it, will proceed to do complete justice. Therefore, assuming the court to have jurisdiction, the court erred in rendering a judgment denying an interlocutory in-

junction and dismissing the petition on general demurrer. See *Moore* v. *Duckett,* 91 *Ga.* 752 (17 S. E. 1037); *Kilpatrick* v. *Holland,* 148 *Ga.* 708 (98 S. E. 265); *Massachusetts Bonding &c. Co.* v. *Lowenstein Investment Co.,* 152 *Ga.* 299 (110 S. E. 234).

■ Did the court err in sustaining the general demurrer to the petition, challenging the jurisdiction of the court? As originally filed, the petition alleged that the defendant was a resident of Fulton County, and he acknowledged "due and legal service of the . . petition and process." Subsequently, in an amendment to the petition, it was alleged that the defendant Williams "has no fixed place of abode, but lives from place to place with his children, and at the present time is staying with a daughter on a farm in Habersham County." Construing this amendment, we think it is plain that the petition as amended did not allege that Williams, the defendant, was a resident of Habersham County, in the sense that "residence" is used in the law and constitution of this State, as found in the Civil Code (1910), §§ 6540, 5527. The original allegation that the defendant "is a resident of Fulton County" was not stricken. The amendment merely stated that he had "no fixed place of abode," etc. "Abode" of course ordinarily means "domicile." But the amendment, construed in connection with the original allegation, means that the defendant is a resident of Fulton County but has no fixed abode or domicile within that county, but "lives" from place to place with his children. So far as the petition shows, some of those children may be residents of Fulton County and some may be residents of other counties. The amendment quoted above concludes with the allegation that at the "present time" the defendant is "staying" with a daughter on a farm in Habersham County. The allegation, "staying" in Habersham County, is not the equivalent of an allegation that he is a resident of Habersham County, in the sense in which the venue of equitable actions is fixed. It follows from this construction that the court erred in sustaining the general demurrer on the ground of lack of jurisdiction.

■ Did the court err in refusing an interlocutory injunction on the ground of lack of jurisdiction? Defendant testified: "Affiant is not a resident of Fulton County, Georgia, but now resides in Habersham County, Georgia, and was a resident of said last-named county when these proceedings were filed." The court construed

this evidence as sufficient to show that the defendant, when this equitable petition was filed, had ceased to reside in Fulton County and had established a residence in Habersham County, in the sense that residence fixes venue. As we see it, the evidence does not demand that finding. On that question see *Worsham* v. *Ligon,* 144 *Ga.* 707 (2) (87 S. E. 1025). There are other facts in the record bearing on the question of venue, which must be considered. The defendant, according to his own contention, filed a suit against Mrs. Hanson in the municipal court of Atlanta while a resident of Fulton County. Mrs. Hanson was also a resident of Fulton County. Williams testified that while his suit was pending, and before any trial was entered upon, he removed from Fulton to Habersham County; and he insists that in so doing he placed himself beyond the jurisdiction of Fulton superior court, exercising equitable powers. He insists that the provision of the Civil Code (1910), § 5527, that in cases of injunction to stay pending proceedings equitable petitions may be filed in the county where the proceedings are pending, does not apply, because when he filed his petition he was a resident of Fulton County, and not a non-resident. He cites a number of cases, including *Crawley* v. *Barge,* 132 *Ga.* 96, 98 (63 S. E. 819), holding that the code section just mentioned can be held constitutional only on the ground of waiver; and he argues that, being a resident of Fulton County when he filed his suit in the municipal court, there was nothing in respect of jurisdiction that he could waive. We concede the soundness of the reasoning in the *Crawley* case, and also we concur in what was said in *Harvey* v. *Atlanta National Bank,* 164 *Ga.* 625, 626 (139 S. E. 147), as follows: "The constitution fixes the venue of suits of this character in the county of the residence of the defendant against whom substantial relief is prayed. Civil Code, § 6540. No legislative or judicial tinkering can add to, take from, or vary this provision. This statement is made with section 5527 before us, wherein a seeming exception is set up. See 132 *Ga.* 96. It is apparent that only through waiver or voluntary submission to the courts of another county may a trial take place in a county other than that of the defendant's residence." The principle just mentioned would be applicable, and would prove an effectual bar to the equitable proceeding in this case for the reason stated, but for the fact that when Williams removed to Habersham County, if he

784

did remove, he left pending his suit in Fulton County. He was still seeking the powers of the court to adjudicate his claim against Mrs. Hanson and asking for a judgment. While a resident of Habersham, as he contends, he was appealing to the courts of Fulton against a resident of Fulton. He acknowledged without reservation service of the equitable petition which alleged that he was a resident of Fulton County. By reason of all of these facts the superior court of Fulton County had jurisdiction both of the person and the subject-matter of the suit. A removal, if there was such, would not deprive the court of any of its jurisdiction. *Lofton* v. *Collins,* 117 *Ga.* 434 (43 S. E. 708, 61 L. R. A. 150). Less than three months intervened between the filing of the suit in the municipal court and the filing of the equitable petition to enjoin it. We are unable to agree that Williams, while a resident of Fulton County, could file a suit in the municipal court in that county, acknowledge service on a petition seeking to enjoin that suit, either before or after actual removal from the county, and in this way prevent complete jurisdiction of the court of equity for all purposes necessary to do full and complete justice to the parties concerned. We hold, therefore, Williams did not remove his residence in so far as it was jurisdictional for a complete adjudication of the disputed claims between the parties to the suit by the superior court of Fulton County. *Judgment reversed. All the Justices concur.*