## NORRIS et al. v. JOHNSON.

No. 17914. Argued June 10, 1952—Decided July 15, 1952— Rehearing denied July 28, 1952.

*Irwin & Dyer,* for plaintiffs in error.

*R. B. Pullen* and *Brackett & Brackett,* contra.

ALMAND, Justice. Since the passage of the Uniform Procedure Act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition should not be dismissed on general demurrer if it states a cause of action for either legal or equitable relief. *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (1) (22 S. E. 2d, 143).

"Equity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, can not avail himself at law." Code, § 55-103. The defendant in a threatened foreclosure suit does not need the aid of a court of equity for the assertion of such defense as that the purchaser has been damaged by the failure of the seller to have an insurance policy on the business transferred to the purchaser. *Kanes* v. *Koutras,* 203 *Ga.* 570 (47 S. E. 2d, 558), and cases cited.

In the present case, the petitioners, in addition to seeking to enjoin the threatened foreclosure proceeding, sought also cancellation of the notes and the security deed, and a decree declaring title to be in them. A common-law court, such as the Civil Court of Fulton County, may take cognizance of equitable defenses, but these courts can not grant affirmative equitable relief. Obviously, the relief which petitioners seek, such as cancellation and that the title to the property be decreed to be in them, can not be granted in the Civil Court of Fulton County. *Hanson* v. *Williams*, 170 *Ga.* 779, 781 (1) (154 S. E. 240).

Any right of the petitioners to set off the amount of the insurance policy against the balance due on the property would depend upon the validity of the agreement to transfer the policy; and under a fair construction this agreement amounted to an undertaking to have the insurance company transfer the policy. While, so far as appears from the allegations of the petition, the insurance company was under no obligation to transfer the policy, yet, if after a request so to do the company had refused to transfer it, this would be a matter of defense which might be asserted by the defendant.

Although Code § 20-309 provides that an impossible consideration is insufficient to sustain any promise, still it also provides that, if the expressed consideration be possible, though improbable, it is nevertheless valid. Accordingly, since the consideration to have the insurance company transfer the policy was possible of fulfillment, it was sufficient consideration for the retention of the $75 advance payment.

Counsel for the defendant in error insist that the petition, which alleged that the defendant failed after repeated requests to transfer the policy, affirmatively showed that the petitioners could not rely upon the defendant to furnish such insurance coverage, and that the petitioners' failure to obtain other insurance was the result of their own laches.

"Where by a breach of contract one is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." Code, § 20-1410. But the provisions of this Code section can be invoked only by way of defense, and it is not necessary that a petition negative failure of the plain-

tiff to mitigate damages caused by the defendant. *Southern Upholstering Co.* v. *Lieberman,* 27 *Ga. App.* 703 (5) (109 S. E. 509); *Mendel* v. *Converse & Co.,* 30 *Ga. App.* 549 (4) (118 S. E. 586). Where, as here, a petition alleges injury caused by the defendant's breach of contract, and the exception is to an order sustaining a general demurrer, it can not be held as a matter of law that the plaintiff has not used ordinary care and diligence to lessen the damages.

It follows that the petition set forth a cause of action for damages by reason of the failure of the defendant to have the insurance policy on the business transferred to the petitioners, and the trial court erred in sustaining the defendant's general grounds of demurrer, and in dismissing the action.

*Judgment reversed. All the Justices concur, except Duckworth, C.J., and Candler, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The petition alleges that for $75 the seller agreed to "transfer" an insurance policy covering the property in the amount of $4500; and it was contended that, since the property sold had been destroyed by fire and the seller had not transferred the insurance policy, the purchaser was entitled to have $4500, which was the amount of the policy credited upon the purchase money, and that, when this had been done, the purchase money would be paid in full; and upon this premise it was prayed that the purchase-money notes be declared paid and the deed to secure debt canceled.

The utter fallacy of the position of the petitioners lies in the fact that the premise upon which their position is based is fallacious, in that the seller did not undertake or obligate herself to secure the approval of the insurance company of a tranfser of the insurance coverage to the purchaser, but the limit of her undertaking and obligation, as stated by the petitioners, was merely to transfer the insurance policy. Immediately upon the alienation of the insured property by the seller, the insurance coverage automatically terminated as a matter of law. Code, § 56-825; *Curtis* v. *Girard Fire &c. Ins. Co.,* 190 *Ga.* 854 (11 S. E. 2d, 3). If, upon a transfer of the policy, the purchaser had obtained the consent and approval of the insurers to continue the insurance, then the policy would have protected against the loss by the fire, but that was a matter wholly outside the obligation of the

seller as recited in the petition. The only value of the transferred insurance policy was the unearned premium that had been paid therefor. However, by the decision of the majority of this court, the law of this case is fixed whereby, upon proof of the allegations of the petition which are fairly and correctly analyzed above, the purchasers will be entitled to a verdict and judgment without ever having paid approximately $4400 of the purchase money which, by the petition, it is admitted that they were required to pay as a condition precedent to the relief sought. Under the law above cited, it is not permissible to contend that, if the seller had transferred the insurance policy, the purchaser would have had any claim whatever against the insurance company on account of the fire. The sole and maximum value to the purchasers of the policy when transferred as agreed would have been a mere trifle, which was the amount of the unearned premium paid thereon, and this amount and no more is the amount of credit that the petitioners are entitled to because of the breach of the agreement on the part of the seller to transfer that policy.

*Candler, J., concurs in this dissent.*