### 41744.   JONES, by Next Friend v. BRADLEY.

FRANKUM, Judge.   This is a damage suit brought on account of personal injuries sustained by the minor plaintiff when an automobile driven by her collided with an automobile driven by the defendant.   The collision occurred when the plaintiff drove her automobile out of a side street into the path of the defendant's automobile, and the defendant's automobile struck the plaintiff's automobile in the left side thereof and thereby threw the plaintiff from her car and inflicted injuries to her person for which she sued.   The plaintiff contended that the defendant was negligent in failing to keep a proper lookout; in failing to keep her vehicle under control; in failing to bring her automobile to a stop before striking plaintiff's; in driving her automobile at a high, reckless and hazardous rate of speed of 60 miles per hour in violation of applicable speed laws, and in failing to use due care for the safety of other persons on the highway.   The defendant filed a cross action seeking to recover from the plaintiff on account of damages to her automobile and for personal injuries.   In her cross action the defendant contended simply that the collision was the proximate result of the plaintiff's failure to yield the right of way to the defendant and in disregarding a stop sign erected at the intersection.   On the trial of the case the only real issue was whether the collision was the proximate result of excessive speed on the part of the defendant, or the result of the plaintiff having driven her automobile into the intersection so closely in front of the defendant's approaching automobile as to create a hazardous situation resulting in the collision.   The jury returned a verdict "in favor of the defendant," and the plaintiff filed a motion for a new trial which was amended by the addition of three special grounds.   The trial court overruled the motion, and she appealed to this court enumerating as error four rulings of the trial court.

1. Two witnesses for the plaintiff sought to testify as to the

speed of the defendant's automobile and to state as the basis for their conclusion as to speed, not only their observation of the vehicle immediately prior to the collision, but also the impact itself, the movement of the vehicles after the impact and the damage to the vehicles. The trial court, while permitting the first witness to state his opinion as to the speed, refused to permit him to testify that his opinion was based on any factor other than his observation of the movement of the automobile immediately prior to the collision. We think that in so ruling the court erred. *Code* § 38-1708; *Lamb v. Sewell*, 20 Ga. App. 250 (1) (92 SE 1011); *Rentz v. Collins*, 51 Ga. App. 782 (4) (181 SE 678); *Ellison v. Evans*, 85 Ga. App. 292 (2) (69 SE2d 94). However, for an error to be grounds for reversal it must not only be error but harmful error. It is fundamental that harmless error is not cause for reversal. In this case the real issue was as to the speed of the defendant's automobile. There was testimony by a police officer, who investigated the accident, that the defendant stated to him that she was traveling 50 to 55 miles per hour at the time. The defendant, in her testimony, admitted making this statement to the officer. The first of the two witnesses was permitted to state his opinion as to the speed of the defendant's automobile, as was the other witness, with whose testimony we shall presently deal. Pictures of the plaintiff's automobile showing the extent of the damage were introduced without objection, and testimony of these eyewitnesses that the plaintiff's automobile was knocked some 30 feet to its right and almost overturned, throwing the plaintiff and her companion out, was admitted without objection. It appeared that the eyewitnesses observed these facts, and the mere fact that the first witness was not permitted by the court to state by way of conclusion that he based his opinion as to speed on any factor other than his observation of the defendant's automobile immediately prior to the collision could not have been harmful to the plaintiff. With respect to the second witness, the transcript of the record clearly shows that while the court initially ruled out his testimony that he based his opinion as to the speed on other factors than his mere observation of the defendant's automobile immediately prior to the collision, the judge, after some discussion with counsel, stated that he would let the jury pass on what weight and credit they would give

the witness' testimony in this regard. Under these circumstances neither the first nor the second error enumerated is cause for reversal.

2. The plaintiff contends with respect to her third enumeration of error that the court erred in expressing an opinion by stating in the presence of the jury that: "He can't testify to a conclusion that he has reached based on evidence—things that are not in evidence—based on what he says—if he says that he can't testified [sic] based on what he observed in the movement of the car then I would have to sustain the motion and exclude his testimony." This contention is without merit. It is obvious that this statement by the court expresses no opinion as to any fact or thing that had or had not been proved. However, the fact remained that at the time the colloquy between court and counsel occurred, wherein this statement was made, there had been no evidence introduced as to the extent of the damage to the automobiles. The only way these facts were put in evidence was by way of photographs of the plaintiff's automobile, and there was no testimony as to the damage or extent of the damage to the plaintiff's automobile introduced at all. Under these circumstances this statement by the court was not harmful error.

3. The final contention of error enumerated by the appellant relates to the admission over objection by counsel for the plaintiff of testimony by the defendant that as soon as she was able to drive an automobile after the colllision she "reenacted" her approach to the collision scene by driving over the same route at a speed of 40 miles per hour, and that she had the same subjective sensation as to speed as she recalled having had on the morning of the collision. This testimony was in the nature of testimony as to an experiment conducted by the defendant, and it was not inadmissible for any of the reasons urged. Whether the conditions were the same at the time of the experiment as at the time of the collision in question went not to the admissibility of such evidence, but the weight and credit to be given it by the jury. *Augusta R. & Elec. Co. v. Arthur*, 3 Ga. App. 513 (2) (60 SE 213); *Bell v. State*, 164 Ga. 292, 297 (138 SE 238).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED JANUARY 4, 1966—DECIDED MARCH 17, 1966.

*Vincent P. McCauley*, for appellant.

*Foley, Chappell, Young, Hollis & Schloth, Howell Hollis*, for appellee.