## 49038. LOUISVILLE & NASHVILLE RAILROAD COMPANY et al. v. BUSH.

PANNELL, Judge.

This action against defendant railroad companies

was instituted in DeKalb Superior Court as a consequence of a train-car collision which occurred on May 26, 1966, at the Panola Road crossing of the main line of the Georgia Railroad in DeKalb County. Plaintiff below, Mrs. Kathleen Bush, was a passenger in the automobile being driven by Mrs. Louise Hogan. Mrs. Bush and Mrs. Hogan were injured, and Mrs. Hogan's daughter, who was also a passenger in the automobile, was killed. On May 24, 1968, Mr. and Mrs. Hogan, who were residents of DeKalb County at the time and for some time thereafter, instituted three companion suits in DeKalb Superior Court seeking to recover for Mrs. Hogan's injuries, the wrongful death of her child, and other items of damage, and Mrs. Bush filed the instant action for her injuries at the same time by and through the same counsel representing the Hogans. Since all four actions arose out of the same collision, all parties agreed to consolidate them for trial, and the court accordingly entered a consolidation order. Thereafter, plaintiffs Bush and the Hogans filed various joint notices to produce, amendments to their complaints, etc.

Subsequent to the consolidation order the court entered an order in Mrs. Bush's case granting leave to defendant railroads to file and have served a third-party complaint against Mrs. Hogan, in which the railroads sought contribution from her under the allegations that her gross negligence in driving into the path of the oncoming train rendered her jointly liable with the railroads, entitling them to seek contribution under Code Ann. § 105-2012. Mrs. Hogan acknowledged service of the third-party complaint, which alleged that she was a resident of DeKalb County, but moved through independent counsel to dismiss it on the ground that at the time of its filing and service she had become a resident of Gwinnett County.

The trial court granted the motion to dismiss, and the four cases proceeded to trial. The jury found for the railroads in the *Hogan* cases, and those judgments were affirmed by this court in *Hogan v. L. & N. R. Co.*, 130 Ga. App. 638 (204 SE2d 348), where a factual sketch of a

voluminous transcript will be found. However, the jury returned a verdict for Mrs. Bush in the instant case, and the railroads appeal. *Held:*

1. The railroads enumerate as error the dismissal of their third-party complaint against Mrs. Hogan. Since she was a resident of Gwinnett County at the time it was filed and served, the trial court correctly dismissed it (*Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68)) unless Mrs. Hogan waived the venue requirements or voluntarily submitted herself to the jurisdiction of DeKalb Superior Court for purposes of the third-party complaint. Code § 24-112.

Appellants insist Mrs. Hogan waived venue under the decision of the Georgia Supreme Court in *Hanson v. Williams,* 170 Ga. 779, 782 (154 SE 240).

We do not think this is authority for such a ruling. The *Hanson* case is distinguishable from this case in that, in the *Hanson* case the equity suit in superior court was between the same parties and no question as to a third party was in that suit. The present action, in which Mrs. Hogan was sought to be brought in as a third-party defendant, is a distinct action between separate parties from Mrs. Hogan, and an action in which Mrs. Hogan has not submitted herself to the jurisdiction of the court or courts of DeKalb County as to matters arising out of an action *brought by her.* That A sues B in the county of B's residence on a claim does not, in our opinion, give B a right to bring A into a separate lawsuit of C versus B, when A does not consent to jurisdiction in the case of C versus B, as held in *Register,* supra. The consolidation of the cases for trial (and that was the order here) does not consolidate the cases for all purposes. See McAlister v. Guterma, 23 FRD 124 (1 FR Serv. 2d 42a.42, Case 2); s. c. 263 F2d 65. The cases here are separate and distinct with plaintiffs filing their own pleadings and conducting their separate cases as they see fit. While "[w]here two or more cases are tried together, the plaintiffs or defendant, as the case may be, *shall be entitled, but not required,* to file joint appeals, motions for new trial, motions in arrest, motions to set aside, and motions for judgment notwithstanding the verdict,

without regard to whether the parties have a joint interest, or whether the cases are merely consolidated for purposes of trial, or whether the cases are simply tried together without an order of consolidation." Section 15 of the Appellate Practice Act as amended by the Act of 1968 (Ga. L. 1965, pp. 18, 30; Ga. L. 1968, pp. 1072, 1075; Code Ann. § 6-811). This permission to so act does not merge the cases into one so as to require the act of a plaintiff in one case in bringing it to amount to a waiver of venue in another separate case brought by another plaintiff. The trial judge was correct in dismissing the third-party claim.

2. The court charged the jury: "I charge you that the defendant railroad company was under a duty to exercise due care in controlling the movements of its trains so as to avoid injury to persons or property which might be on a crossing or within fifty feet of the crossing on the line of the railroad, and that a violation of such duty would constitute negligence as a matter of law." The railroads objected on the grounds that "there is no definition there of what the duty is; it just says 'exercise due care in controlling the movements of its trains.' That did not — something that broad — a charge that broad could not be the subject matter of a charge of negligence per se, and I object to that charge for that reason."

The charge was taken from Code Ann. § 94-506 and was approved in *Southern R. Co. v. Lee,* 59 Ga. App. 316 (7) (200 SE 569), and ordinary care was defined in another portion of the charge. Moreover, the court elsewhere charged all of the language of Code Ann. § 94-506 and added at the end: "A violation of any of these statutory duties would constitute negligence as a matter of law." No objection was made to this charge, and we find no reversible error.

3. The railroads complain that it was error to allow witnesses who were in nearby homes to testify as to their hearing the train whistle on other occasions, thus creating the inference that they would have heard it on the occasion in question if it had been blown, on the grounds that at the time of the collision the witnesses were not approaching the grade crossing and were under no duty to listen or look for a train. The contention that

testimony must be excluded simply because the witness was not under a duty to look or listen for the sensation in question is unknown to the law and would operate to exclude the testimony of virtually every eye or ear witness to an occurrence under investigation. The audibility of the train whistle under similar circumstances on other occasions when it in fact was blown was highly relevant to the determination of whether it would have been heard had it been blown on the occasion in question, and the weight and credit to be given this type evidence was for the jury to determine. *Bell v. State,* 164 Ga. 292, 296 (138 SE 238); *West v. State,* 200 Ga. 566, 571 (37 SE2d 799); *Jones v. Bradley,* 113 Ga. App. 338, 340 (147 SE2d 853); *Patton v. Smith,* 119 Ga. App. 664 (1, 2) (168 SE2d 627); II Wigmore on Evidence 483, § 460.

4. No reversible error occurred during the charge when the court recited one of plaintiff's contentions, since the railroads had not objected to the pleadings or evidence introduced on this contention, had not sought to withdraw the issue from the jury, and made no objection to the court's charge on plaintiff's contention. *Nathan v. Duncan,* 113 Ga. App. 630, 638 (149 SE2d 383); *Armour & Co. v. Roberts,* 63 Ga. App. 846, 847 (1) (12 SE2d 376).

5. At the end of their first day of deliberations, the jury requested that the testimony of a witness be read back to them. The testimony was transcribed and read back to the jury on the second day of deliberation, and the railroads enumerate this as error. However, the reading back of the testimony lay within the discretion of the trial court (*Roberts v. Atlanta Consolidated Street R. Co.,* 104 Ga. 805 (1) (30 SE 966); *Central of Ga. R. Co. v. Anderson,* 43 Ga. App. 189 (1) (158 SE 333); *Dixie Ohio Express v. Brackett,* 106 Ga. App. 862, 868 (3) (128 SE2d 642)), and no abuse of discretion has been made to appear under the circumstances here.

*Judgment affirmed. Deen, Quillian, Evans and Stolz, JJ., concur. Bell, C. J. Hall, P. J., Eberhardt, P. J., and Clark, J., dissent.*

Argued February 6, 1974 — Decided March 15, 1974 —

410

*Webb, Parker, Young & Ferguson, Robert G. Young,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, R. Lawrence Ashe, Jr., Dennis S. Meir, William W. Cowan, Ross & Finch, I. J. Parkerson,* for appellee.

Eberhardt, Presiding Judge, dissenting.

Mrs. Bush and Mrs. Hogan, and Mrs. Hogan's daughter, all of whom were injured in a grade crossing accident on the L. & N. Railroad at what is known as the Panola crossing, were all residents of DeKalb County. Suits were filed by or on behalf of each of them seeking damages. By agreement the actions were all consolidated for trial, after which Mrs. Bush and the Hogans filed various *joint* notices to produce and *joint amendments* to the complaints.

The railroad served a third-party complaint on Mrs. Hogan, seeking contribution in the event of an adverse verdict. Mrs. Hogan *acknowledged service* of the third-party complaint, but later moved (through independent counsel) to dismiss it on the ground that after the filing of her suit she had moved to and become a resident of Gwinnett County. The trial court granted her motion.

In so doing I think the court committed error. The case of *Hanson v. Williams,* 170 Ga. 779, 782 (3) (154 SE 240) is authority for holding that when one brings suit in a county while a resident thereof, and later moves to another county, he does not, for the purposes of that suit change his residence.

While the motion to make Mrs. Hogan a third-party defendant was in the Bush action, the suits had already been consolidated and Mrs. Hogan had joined with Mrs. Bush in filing joint notices to produce and joint amendments. It thus became, for all purposes, a single action.

Furthermore, she acknowledged service on the motion to make her a third-party defendant.

I would reverse the dismissal of the third-party claim.

Chief Judge Bell, Presiding Judge Hall and Judge Clark join in this dissent.