71092. MINOR v. CITIZENS & SOUTHERN NATIONAL BANK.
(338 SE2d 466)

McMURRAY, Presiding Judge.

Guaranty. Plaintiff, The Citizens and Southern National Bank, brought suit against defendant, James B. Minor, M.D., in the State Court of Fulton County. In its complaint, plaintiff alleged that on September 17, 1984, defendant, in his capacity as executor of the es-

tate of L. L. Minor, executed a promissory note in favor of plaintiff in the principal sum of $119,740; that defendant personally guaranteed the note by executing a guaranty of payment on the reverse side of the note; that the estate of L. L. Minor failed to pay the balance due on the note when it matured; that, thereafter, by and through its attorney, plaintiff gave defendant notice of its intent to enforce the attorney fee provision of the note if it was not paid within ten days; and that neither the estate of L. L. Minor nor the defendant paid the note.

A copy of the note and guaranty of payment was attached to the complaint. In pertinent part, the note provided: "Single payment of Principal (Fixed Maturity). Principal shall be payable on October 26, 1984, and all interest accrued thereon shall be payable on the same date . . ." The guaranty of payment reads, in part: "For value received, the undersigned . . . hereby unconditionally guarantee(s) the payment of the Note on the reverse side hereof and all extensions or renewals thereof . . . The undersigned also agree(s) that the holder of said Note may from time to time extend or renew said Note for any period (whether or not longer than the original period of said Note), . . . may grant any releases, compromises or indulgences with respect to said Note or any extension or renewal thereof . . . all without notice to or consent of . . . the undersigned and without affecting the liability of the undersigned hereunder, . . . [who] may be sued by the Holder hereof with or without joining any of the . . . makers of this Note and without first contemporaneously suing such other person, or otherwise seeking or proceeding to collect from them."

Defendant answered the complaint and denied the material allegations therein. He set forth affirmative defenses of waiver, estoppel and failure of consideration. Additionally, defendant counterclaimed alleging plaintiff breached an agreement to postpone payment of principal and interest under the note.

Plaintiff moved for summary judgment. In support of its motion, plaintiff submitted the affidavit of J. Patrick McGoldrick, one of plaintiff's commercial loan officers. In his affidavit, McGoldrick deposed that he is the officer in charge of the loan made to the estate of L. L. Minor; that defendant executed the note in his capacity as executor of the estate of L. L. Minor; that defendant executed the guaranty of payment; that the note was not paid and that plaintiff declared the note in default; that plaintiff's attorney sent an attorney fee letter to defendant; that no sums whatsoever were paid on the note; and that the principal balance due and owing on the note is $119,740.

In an opposing affidavit, defendant deposed: "I have been doing business with Plaintiff (the 'Bank') for over seven years, during which time I have entered into a series of loans, loan extensions, loan renew-

als, and loan modifications totaling in excess of $850,000.00. These transactions have consistently been based on both oral and written agreements and understandings between myself and the Bank. . . . From 1977 through 1984, I was Executor of the Estate of L. L. Minor (the 'Estate'). In that capacity, I had entered into several loan transactions with the Bank, as follows: (1) Loan No. 71535, dated December 19, 1980, having a principal remaining balance, in 1984, of $39,740 . . . and; (2) Loan No. 72250, dated December 23, 1981, having a principal balance, in 1984, of $80,000 . . . . The aforesaid loans were made to the Estate, by Mrs. Gloria Neal, a Loan Officer with the Bank. Although each of these loans expressly state that they are to be repaid, in full, on a date certain, it was agreed and understood between myself and Mrs. Neal, acting for the Bank, that the loans could be repaid on a mutually agreeable schedule. Pursuant to this agreement and understanding, the Bank has restructured the loan relationship between the Bank and the Estate at least seven . . . times, including new loans, loan modifications, loan extensions, and the like. The Bank, pursuant to said agreement, has also accepted well in excess of $12,000 of interest payments . . . In June, 1984, the Bank consolidated Loan Nos. 71535 and 72250 into one obligation having Loan No. 72250 and a total principal balance of approximately $119,740.00. . . . This conclusion was based upon the same oral agreements and understandings between myself and the Bank regarding the original Loan Nos. 71535 and 72250. Based upon these understandings and agreements, I caused interest payments of approximately $12,162 to be made to the Bank, at an interest rate specified by the Bank. . . . On or about September 17, 1984, I executed the documents which form the basis for this lawsuit . . . as a part of the continuing bank relationship described above. At all times, it was my understanding and agreement with the Bank that the Bank would work with me, as Executor, to arrange a mutually agreeable repayment schedule so that the Estate could repay the principal balance on the Note. . . . At no time, prior to commencement of this litigation, has the Bank notified me of any intent to enforce the strict terms of the Note. On the contrary, the Bank has arbitrarily declared the Note to be in default, in direct violation of the course of dealing, agreements, and understandings which were a part of the entire transaction underlying execution of the Note. . . . I, received no consideration whatsoever for signing the guaranty agreement . . . and neither did the Estate."

The trial court granted plaintiff's motion for summary judgment and defendant appeals. *Held*:

1. OCGA § 13-4-4 provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to

pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice." Relying upon this Code section, defendant contends a genuine issue of material fact exists regarding mutual departure from the contract. We disagree. There is no evidence demonstrating the mutual departure from the terms of the September 17, 1984, note which calls for payment and interest in one lump sum. Compare *Baxter v. Ga. Fed. Savings &c. Assn.*, 152 Ga. App. 753 (264 SE2d 242), in which the evidence presented a question of fact concerning the timeliness of *installment payments*. Any evidence of a departure from the terms of previous loans has no bearing upon the outcome of the case sub judice.

2. Oral agreements and "understandings" that the note could be paid upon a "mutually agreeable schedule" cannot be used by defendant to contradict the plain and unambiguous language of the note. *Motz v. Nat. Bank of Ga.*, 156 Ga. App. 871 (275 SE2d 809).

3. There is no merit in defendant's contention that no consideration was given for the execution of the guaranty of the note. See *Widincamp v. Glennville Bank*, 31 Ga. App. 387 (120 SE 665). See also *Collins v. Gwinnett Bank &c. Co.*, 149 Ga. App. 658 (255 SE2d 122); *Wehle v. Baker*, 97 Ga. App. 111, 113 (102 SE2d 661). Defendant's assertion of no consideration is a bare legal conclusion which creates no factual issue. *Benefield v. Malone*, 112 Ga. App. 408, 410 (2) (145 SE2d 732).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 8, 1985 —
REHEARING DENIED DECEMBER 2, 1985 — ▮▮▮▮▮▮

*Stanley E. Kreimer, Jr.*, for appellant.
*Edward S. Sell III*, for appellee.