[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-11639
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00054-JOF

BRANCH BANKING AND TRUST COMPANY,

Plaintiff-Counter Defendant-Appellee,

versus

LICHTY BROS. CONSTRUCTION, INC.,
GALEN K. LICHTY, et al,

Defendants-Counter Claimants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 30, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Branch  Banking  and  Trust  Company  ("BB&T")  sued  Lichty  Bros.

Construction, Inc. and others, asserting multiple breach of contract claims for failure to pay at maturity the indebtedness owed by Lichty under several promissory notes and guaranties. Subject-matter jurisdiction was premised on diversity pursuant to 28 U.S.C. § 1332. The district court dismissed Lichty's failure to mitigate damages counterclaim and defense, and granted BB&T summary judgment against Lichty. Lichty now appeals the district court's orders. Finding no error, we affirm.

# I

Between March 28, 2006 and October 31, 2006, Lichty and BB&T executed six promissory notes, each of which was personally guaranteed, to finance the acquisition and construction of various real estate lots. Each one of these notes was modified and/or renewed numerous times. The renewal agreements modified the maturity dates and sometimes, if there had been a sale, the amount due on the notes. All six of these notes became due on December 18 or 19, 2009, pursuant to the final modification/renewal. In December of 2009, BB&T declined to renew and/or modify the notes. It is undisputed that Lichty failed to pay the obligations owed to BB&T under the notes and guarantees.

In May of 2010, BB&T filed a complaint against Lichty, asserting multiple breach of contract claims. Lichty answered, asserting various defenses and counterclaims. BB&T filed a motion to dismiss Lichty's failure to mitigate damages

2

counterclaim. The district court granted BB&T's motion to dismiss, and also struck Lichty's failure to mitigate damages affirmative defense. BB&T subsequently filed a motion for summary judgment, which the district court granted. The district court then entered a judgment awarding BB&T $1,935,011.76 plus interest and $290,250.26 in attorney's fees.

## II

We review *de novo* a claim dismissed pursuant to Rule 12(b)(6). *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotation marks omitted). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotation marks omitted).

We review *de novo* the grant or denial of summary judgment, and apply the same legal standard as the district court. *See Perry v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 1359, 1363 (11th Cir. 2011). Under Rule 56, "[s]ummary judgment is

appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Brown v. Sec'y of State of Fla.*, 668 F.3d 1271, 1274 (11th Cir. 2012) (internal quotation marks omitted). *Accord Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

## III

"When it exercises jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, a federal court must apply the choice of law rules of the forum state to determine which substantive law governs the action." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008). Georgia generally enforces contractual choice of law provisions unless they are contrary to public policy. *See Carr v. Kupfer*, 250 Ga. 106, 107, 296 S.E.2d 560, 562 (1982); *Nationwide Logistics, Inc. v. Condor Transp., Inc.*, 270 Ga.App. 277, 280, 606 S.E.2d 319, 322 (2004). The loan agreements between BB&T and Lichty provide that Georgia law will govern. The parties seem to agree that substantive Georgia law applies because all of the cases cited in their briefs discuss Georgia law. Accordingly, we too apply Georgia law.

## IV

On appeal, Lichty argues that the district court erred (1) in granting BB&T's

motion to dismiss its defense and counterclaim of mitigation of damages; (2) in granting BB&T's motion for summary judgment relating to its defense of waiver by mutual departure from the loan agreement; (3) in granting BB&T's motion for summary judgment relating to its defense that BB&T's attorney's fees claim is an unenforceable liquidated damages provision; (4) in granting BB&T's motion for summary judgment relating to its defense and counterclaim that BB&T breached its duty of good faith and fair dealing; (5) in granting BB&T's motion for summary judgment relating to its defense and counterclaim of setoff and recoupment; and (6) in granting BB&T's motion for summary judgment relating to its counterclaim for attorney's fees. We address each of these issues in turn.[1]

## A

Lichty argues that the district court erred in dismissing its defense and counterclaim that BB&T had a duty to mitigate damages because under Georgia law a party injured by a breach of contract is required to lessen the damages. *See* O.C.G.A. § 13-6-5. The failure to mitigate damages, however, is an affirmative defense to a breach of contract claim and not a counterclaim. *See Norris v. Johnson*,

---

[1] Although Lichty's brief presents the issues of whether the district court erred in granting BB&T's motion for summary judgment on the defenses and counterclaims of setoff and recoupment and for attorney's fees, Lichty failed to make any substantive argument in support of these contentions. In failing to do so, Lichty waived these arguments. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.")

209 Ga. 293, 296-97, 71 S.E.2d 540, 542 (1952) (acknowledging that the failure to mitigate damages "can be invoked only by way of defense"). Because the failure to mitigate damages is an affirmative defense, we find no error in the district court's dismissal of Lichty's counterclaim for failure to mitigate damages.

To the extent that, in arguing that BB&T had a duty to mitigate damages, Lichty is arguing that the district court erred in striking its affirmative defense that BB&T failed to mitigate damages, we do not find this argument persuasive.[2] Where the notes and guarantees contain absolute promises to pay, there is no duty to mitigate damages. *See, e.g.*, *Big Sandy P'ship, LLC v. Branch Banking & Trust Co.*, 313 Ga.App. 871, 872-73, 723 S.E.2d 82, 84 (2012); *Victory Sign Indus., Ltd. v. Potter*, 208 Ga.App. 570, 571, 430 S.E.2d 882, 883 (1993). Because the notes and guarantees at issue in this case appear to be absolute promises to pay, we find no abuse of discretion in the district court's striking of Lichty's failure to mitigate defense.

**B**

Lichty also argues that the district court erred in granting BB&T's motion for summary judgment relating to its defense of waiver by mutual departure because

---

[2] We review a district court's decision to strike any defenses that are insufficient as a matter of law for abuse of discretion. *See State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). *See also Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001) ("Because a district court enjoys liberal discretion under Rule 12(f), we review this claim for an abuse of discretion.") (citation omitted).

6

issues of fact exist as to whether BB&T waived any alleged defaults on the notes, and BB&T failed to meet the condition precedent of sending a strict compliance notification. According to Lichty, payments were routinely made and accepted by BB&T after the expiration of the notes and renewals, the notes were routinely renewed after their expiration, and BB&T failed to insist upon their payment when they came due.

Under Georgia law, when parties to a contract depart from the terms of the agreement, reasonable notice must be given of the intention to rely on the exact terms of the agreement before one party may recover against the other for failure to follow the exact terms of the contract. *See* O.C.G.A. § 13-4-4. "For a departure from the terms of a contract to be sufficient to require [notice under O.C.G.A. § 13-4-4], the departure must be mutual and intended, such that the parties have essentially a new agreement concerning the requirements of the original contract." *Duncan v. Lagunas*, 253 Ga. 61, 62, 316 S.E.2d 747, 748 (1984).

Although Lichty may have unilaterally interpreted BB&T's previous renewals and/or modifications of the notes to have been waivers of the specified dates of maturity, there is no evidence that BB&T ever intended them to be so. Indeed, BB&T's practice of requiring Lichty to execute new modifications and renewals in writing shows that BB&T continued to intend to adhere to the terms of the notes, and

7

that it continued to require any further modifications or renewals to be in writing and subject to its desire to enter into another modification or renewal. Additionally, any evidence of BB&T's departure from the terms of previous modifications or renewals has no bearing on whether BB&T intended to depart from the terms of the notes at issue here. *See Minor v. Citizens & S. Nat'l Bank*, 177 Ga.App. 115, 117, 338 S.E.2d 466, 468 (1985) (affirming grant of summary judgment to bank where defendant argued that issue of fact existed regarding mutual departure because the bank had previously restructured its loan relationship with the defendant – including new loans, modifications, extensions, etc. – at least seven times).

Although the issue of waiver is generally one for the jury, *see, e.g.*, *Young v. Oak Leaf Builders, Inc.*, 277 Ga.App. 274, 277, 626 S.E.2d 240, 243 (2006), Georgia courts have sometimes ruled on the question as a matter of law. *See, e.g.*, *Salahat v. FDIC*, 298 Ga.App. 624, 629, 680 S.E.2d 638, 642-43 (2009) (affirming grant of summary judgment where the record was devoid of any evidence that the bank agreed to tolerate nonpayment or intended to forego its enforcement rights under the note); *Minor*, 338 S.E.2d at 468; *Vaughn & Co. v. Saul*, 143 Ga.App. 74, 83-84, 237 S.E.2d 622, 629 (1977) (affirming grant of summary judgment and concluding that vague statements of a belief that the terms of a note may be modified are not legally sufficient to imply a "mutual new agreement" or create an issue of fact). Accordingly,

8

we find no error in the district court's finding that Lichty's mutual departure defense fails as a matter of law.

## C

Lichty contends that an issue of fact exists as to whether BB&T is entitled to attorney's fees under the 15% liquidated damages provision because that provision is an unenforceable penalty. Lichty correctly argues that, under Geogia law, "liquidated damages are not favored when they act as a penalty[.]" *Capricorn Sys., Inc. v. Pednekar*, 248 Ga.App. 424, 427, 546 S.E.2d 554, 558 (2001). In each of the notes at issue here, Lichty agreed to pay the attorney's fees and legal expenses incurred by BB&T in connection with the collection of Lichty's obligations under the notes. The notes provide that BB&T will be entitled to collect both attorney's fees in an amount equal to 15% of the principal and interest outstanding and all costs of collection. The district court acknowledged that this amount, as of June 9, 2011, equaled $290,250.26.

The 15% provision, however, is permitted under O.C.G.A. § 13-1-11, and is not an unenforceable liquidated damages penalty. In relevant part, § 13-1-11 provides:

> (a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such

note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to subsection (b) of this Code section and to the following provisions:

(1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness . . . .

Here, BB&T and Lichty signed contracts with provisions essentially tracking this statutory language. As pointed out by the district court, "[t]he parties were free to contract as they saw fit, and contracted in accordance with O.C.G.A. § 13-1-11." For a provision like the one here to be enforceable, Georgia law requires that (1) the note's terms include an obligation to pay attorney's fees; (2) the debt owed has matured; (3) notice was given to the debtor informing him that if he pays the debt within ten days, he may avoid attorney's fees; (4) the ten day period has expired without payment in full; and (5) the debt be collected by or through an attorney. *See TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003). Notably, Lichty does not contend that any of these statutory conditions were not met.

As a result, we find no error in the district court's rejection of Lichty's contention that the attorney's fees provision is an unenforceable penalty.

**D**

10

Lichty contends that an issue of fact exists as to whether BB&T breached its duty of good faith and fair dealing. Under Georgia law, "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." *OnBrand Media v. Codex Consulting, Inc.*, 301 Ga.App. 141, 147, 687 S.E.2d 168, 174 (2009). This duty, however, "'cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.'" *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1117 (11th Cir. 2012) (quoting *OnBrand Media*, 687 S.E.2d at 174).

Lichty argues that the district court erred in finding that it had not asserted any independent breach upon which BB&T's breach of the duty of good faith and fair dealing could be based. Lichty contends that BB&T breached its contracts with Lichty by manufacturing defaults through its refusal to renew and/or modify the notes, as it had previously done a number of times. The loan agreements, however, do not contain any provision that would impose on BB&T a duty to renew and/or modify the notes.

The promissory notes each reference separate loan agreements, which contained additional provisions governing the loans. Among these provisions was a list of the events of default, any of which would allow BB&T to declare the loan immediately due and payable. One of these events of default was the borrower's

11

failure to make any payment under the note when due. We find no language in any of the loan agreements, notes, or guarantees obligating BB&T to continually renew and/or modify the notes. Lichty has failed to make any showing that BB&T somehow committed an independent breach which could form the basis for a breach of the duty of good faith and fair dealing. We therefore find no error in the district court's finding that Lichty's defense and counterclaim for breach of the duty of good faith and fair dealing fails.

## V

The district court's dismissal of Lichty's defense and counterclaim of failure to mitigate damages, and its grant of summary judgment to BB&T, are affirmed.

**AFFIRMED.**

12